UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-24022-BLOOM/Otazo-Reyes**

XYZ CORPORATION,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

    Defendants.

_____/

**ORDER ON MOTION TO FILE UNDER SEAL AND
TO TEMPORARILY PROCEED UNDER A PSEUDONYM**

**THIS CAUSE** is before the Court upon Plaintiff XYZ Corporation's ("Plaintiff") Motion for Leave to File Under Seal and to Temporarily Proceed Under a Pseudonym, ECF No. [5] ("Motion"). For the reasons discussed below, the Motion is granted.

**I. Discussion**

The Court first addresses Plaintiff's motion to file certain documents under seal and then turns to Plaintiff's request to proceed under a pseudonym.

    **A. File Under Seal**

Plaintiff requests to file under seal the following documents: (1) its Amended Complaint, in which it will identify and include additional allegations regarding Plaintiff; (2) Schedule "A" to the Amended Complaint listing the Defendants; (3) copies of Plaintiff's patent and copyright registrations with relevant samples; (4) web page captures of Defendants' infringing e-commerce listings subject of Plaintiff's IP infringement claims; (5) summons; (6) Plaintiff's *Ex Parte* Motion for Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of

Assets; (7) Plaintiff's *Ex Parte* Motion for Order Authorizing Alternate Service of Process; and (8) Plaintiff's Motion for Leave to Conduct Expedited Third-Party Discovery. Pursuant to Local Rule 5.4(b) and (d), Southern District of Florida, this Court may grant leave to file documents under seal and by *ex parte* request where the moving party: sets forth the factual and legal basis for departing from the policy that Court filings are public, describes the information or documents to be sealed with particularity, and specifies the proposed duration of the requested sealing. *See* Local Rule 5.4. Here, because Plaintiff has demonstrated that Defendants will attempt to evade prosecution if alerted to the lawsuit against them, the Court grants the Motion to seal the documents specified until Defendants have been served with the temporary restraining order, if granted.

### B. Proceed Under a Pseudonym

Plaintiff alleges claims of patent infringement under 35 U.S.C. § 271 and copyright infringement under multiple sections of the Copyright Act. ECF No. [1]. In its Motion, Plaintiff argues that it should temporarily proceed under a pseudonym because a Chinese website known as "SellerDefense" posts intellectual property infringement lawsuits in various districts within the United States in an effort to aid defendants in undermining plaintiffs' efforts to enforce their United States intellectual property rights. ECF No. [5] at 3. Plaintiff points to an example of an intellectual property infringement lawsuit brought by Plaintiff's Counsel, filed in this District, that is currently posted on Seller Defense. *Id*.

Therefore, Plaintiff argues that it should be permitted to temporarily proceed under a pseudonym in this lawsuit until Defendants' Internet stores and financial accounts are restrained. Plaintiff maintains that if Defendants knew of Plaintiff's true identity, then they would attempt to evade prosecution by destroying relevant documentary evidence and concealing, dissipating, hiding, or transferring assets into different financial accounts.

Federal Rule of Civil Procedure 10(a) provides that "[e]very pleading" must "name all the parties[.]" Fed. R. Civ. P. 10(a); *see also In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) ("'Generally, parties to a lawsuit must identify themselves' in the pleadings." (quoting *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992))). Rule 10(a) "does not merely further administrative convenience—'[i]t protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" *Id.* (quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011)). However, this rule is not absolute; a party may proceed under a pseudonym "only in 'exceptional case[s].'" *Id.* (alteration in original) (quoting *Frank*, 951 F.2d at 323).

The Eleventh Circuit has established a totality-of-the-circumstances test to determine whether a plaintiff may proceed anonymously. *Id.* at 1247 n.5. The plaintiff must establish "a substantial privacy right [that] outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* at 1247 (quoting *Plaintiff B*, 631 F.3d at 1315-16). The court "should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* (quoting *Plaintiff B*, 631 F.3d at 1316). The first step is three prongs: whether the plaintiff "(1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Id.* (citing *Plaintiff B*, 631 F.3d at 1316). Two other factors to consider include whether the plaintiff "faces a real threat of physical harm absent anonymity" and whether the plaintiff's "requested anonymity poses a unique threat of fundamental unfairness to the defendant." *Id*. (citations omitted).

Here, regarding the first step, none of the three prongs apply. This suit does not involve government activity or Plaintiff's illegal conduct. Nor can it be said that Plaintiff's disclosure of its real name in this patent and copyright suit constitutes "information of utmost intimacy," which generally involves issues of birth control, abortion, homosexuality, welfare rights of illegitimate children or abandoned families, personal religious beliefs, and some cases of explicit sexual conduct. *See Plaintiff B*, 631 F.3d at 1316, 1317; *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979). It is also undisputed that Plaintiff faces no threat of physical harm absent anonymity.

The last express factor is whether anonymity results in a "unique threat of fundamental unfairness" to Defendants. *See In re: Chiquita Brands Int'l, Inc.*, 965 F.3d at 1247. For example, "the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm." *S. Methodist Univ. Ass'n*, 599 F.2d at 713. In this case, the Court finds that there is no threat of fundamental unfairness to Defendants in allowing Plaintiff to temporarily proceed under a pseudonym. To the contrary, it is Plaintiff that potentially suffers economic harm and damage to its reputation by allowing Defendants—whose personal identities are essentially unknown—to become aware of Plaintiff's identity early enough to allow them to destroy online evidence or evade prosecution.

Although the Court appreciates the paramount importance of publicly conducting judicial proceedings, the Court finds that Plaintiff's privacy right at this early stage of the litigation outweighs the need for Defendants and the public to be aware of Plaintiff's identity. The Court also places significant weight on the fact that Plaintiff seeks to proceed under a pseudonym only temporarily—Plaintiff assures the Court that it will proceed under its real name once Defendants are served and their accounts restrained. Additionally, because a foreign entity is likely monitoring

the filings in this case in an effort to aid counterfeiters in evading prosecution, the Court finds that—in this unique situation—Plaintiff should be allowed to temporarily proceed under a pseudonym in the public filings.

Accordingly, it is **ORDERED AND ADJUDGED** as follows**:**

1. The Motion, **ECF No. [5]**, is **GRANTED**.

2. Plaintiff is permitted to file the documents listed above under Seal

3. Plaintiff may temporarily proceed under a pseudonym. Plaintiff shall reveal its actual name once Defendants have been served with the temporary restraining order, if granted.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 16, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record