UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-24022-BLOOM/Otazo-Reyes

XYZ CORPORATION,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

    Defendants.
_____/

**ORDER GRANTING *EX PARTE* APPLICATION
FOR ENTRY OF TEMPORARY RESTRAINING ORDER**

**THIS MATTER** is before the Court upon Plaintiff's Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets, ECF No. [10] ("Plaintiff's Motion for TRO"). In the Motion, Plaintiff Dongguan Tesmai Electronic Technology Co., LTD ("Plaintiff") moves for entry of a preliminary injunction against Defendants Individuals, Partnerships, and Unincorporated Associations Identified on Schedule "A" to the Amended Complaint (collectively, "Defendants"), and an order restraining the financial accounts used by Defendants pursuant to 35 U.S.C. § 283, 17 U.S.C. § 502, Federal Rule of Civil Procedure 65, and the All Writs Act, 28 U.S.C. § 1651(a). *See id.*; *see also* ECF No. [7-3] ("Schedule A"). The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons stated below, Plaintiff's Motion for TRO is granted.

**I.    FACTUAL BACKGROUND**[1]

---

[1] The factual background is taken from Plaintiff's Amended Complaint, Motion, and supporting Declarations submitted by Plaintiff.

Plaintiff owns one United States Design Patent, No. US D891,522S, for an ornamental design of a toy aircraft ("Plaintiff's Patent"). Plaintiff's Patent has been registered with the United States Patent and Trademark Office ("USPTO") and is protected from infringement under federal patent law. Plaintiff owns five copyright registrations for 2-D visual art images. Each of these images is individually registered with the United States Copyright Office and protected from infringement under federal copyright law *See* ECF Nos. [7-1], [7-2]. Plaintiff demonstrated it is the owner of Plaintiff's Patent by submitting copies of the U.S. Design Patent No. US D891,522S, and by submitting copies of the U.S. copyright registrations: VA 2-313-250, VA 2-313-352, VA 2-313-597, VA 2-313-835, and VA 2-313-837. *See id.*; *see also* ECF No. [8] at ¶¶ 6-7.

Plaintiff is the owner of all rights, title, and interest to the Plaintiff's IP Rights, which have been used in connection with the manufacturing, advertising, offer for sale and/or sale of Plaintiff's toy aircraft. *Id*. at ¶ 8. Plaintiff advertises, offers for sale, and sells the toy aircraft depicted in Plaintiff's Patent and Plaintiff's Copyrights in authorized e-commerce stores including Amazon, among others. *Id*. Plaintiff has expended time, money and other resources developing, advertising and otherwise promoting the Plaintiff's Patent and Plaintiff's Copyrights. *Id*. at ¶ 10.

Without Plaintiff's permission or license, Defendants are manufacturing, promoting, selling, reproducing, offering for sale, and/or distributing goods using Plaintiff's Patent and Plaintiff's Copyrights within this District through various Internet based e-commerce stores and fully interactive commercial Internet websites operating under their seller identification names ("Seller IDs"), as set forth in Schedule A of the Amended Complaint. *See* ECF No. [7-3]; *see also* ECF No. [8] at ¶¶ 13-14.

A simple comparison of Defendants' infringing goods with Plaintiff's Patent and Plaintiff's Copyrights reveals infringement as the images that depict the design are virtually exact duplicates or substantially similar images to Plaintiff's Patent and Plaintiff's Copyrights. *See* ECF Nos. [7-1], [7-2], [8], [9], [9-1]-[9-14].

## II.   LEGAL STANDARD

To obtain a temporary restraining order, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. Rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case). Additionally, a court may only issue a temporary restraining order without notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition [and] (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). *Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.,* 415 U.S. 423, 439 (1974).

## III.   CONCLUSIONS

The Declarations Plaintiff submitted in support of its Motion supports the following conclusions of law:

3

A.  Plaintiff has a strong probability of proving at trial that the products Defendants are selling and promoting for sale contain unauthorized reproductions and derivatives of Plaintiff's Patent and Plaintiff's Copyrights.

B.  Because of the infringement of Plaintiff's Patent and Plaintiff's Copyrights, Plaintiff is likely to suffer immediate and irreparable injury if a temporary restraining order is not granted. The following specific facts, as set forth in Plaintiff's Complaint, Plaintiff's Motion for TRO, and Plaintiff's Declaration, demonstrate that immediate and irreparable loss, damage, and injury will result to the Plaintiff before the Defendants can be heard in opposition unless the Plaintiff's request for *ex parte* relief is granted:

1.  The Defendants own or control Internet based e-commerce stores and websites which advertise, promote, offer for sale, and sell products in violation of Plaintiff's Patent and Plaintiff's Copyrights;

2.  There is good cause to believe that more infringing products bearing reproductions and derivatives of Plaintiff's Patent and Plaintiff's Copyrights will appear in the marketplace, and that consumers are likely to be misled, confused, and disappointed by the quality of these products; and

3.  There is good cause to believe that if Plaintiff proceeds on notice to the Defendants of this Application for Temporary Restraining Order, the Defendants may change the ownership or modify domain registration and e-commerce store account data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership of Seller IDs thereby thwarting Plaintiff's ability to obtain meaningful relief.

      C.      The balance of potential harm to Defendants in restraining their trade in infringing branded goods if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its reputation, and goodwill as manufacturer and distributor of quality products if such relief is not issued.

      D.      The public interest favors issuance of a temporary restraining order to protect Plaintiff's Patent and Plaintiff's Copyrights, to encourage respect for the law, to facilitate the invention and development of innovative products, and to protect the public from being defrauded by the illegal sale of infringing goods.

      E.      Plaintiff may be entitled to recover damages as provided by 35 U.S.C. § 289, 35 U.S.C § 284, 17 U.S.C. § 504(c) and 17 U.S.C. § 505.

      F.      Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (citing *Federal Trade Commission v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

      G.      In light of the inherently deceptive nature of the infringing business, and the likelihood that Defendants have violated federal trademark laws, Plaintiff has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

      Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Temporary Restraining Order, **ECF No. [10]**, is **GRANTED**, under the terms set forth below:

      (1)      Each of the Defendants, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order are restrained and enjoined until further order from this Court as follows:

        a.      From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing reproductions or derivatives of Plaintiff's Patent and Plaintiff's Copyrights; and

        b.      From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing reproductions or derivatives of Plaintiff's Patent and Plaintiff's Copyrights; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing reproductions or derivatives of Plaintiff's Patent and Plaintiff's Copyrights; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any of the Defendants, including, but not limited to, any assets held by or on behalf of any of the Defendants.

(2)      Each of the Defendants, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order shall immediately discontinue the use of any unauthorized copies of Plaintiff's Patent and Plaintiff's Copyrights on or in connection with all Internet based e-commerce stores and websites owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs.

(3)      Each of the Defendants shall not transfer ownership of the Seller IDs during the pendency of this action, or until further Order of the Court.

(4)      Upon receipt of notice of this Order, Defendants and any third party financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms who is providing services for any of the Defendants, including but

not limited to, AliExpress, Alipay, Dhgate, Dhpay, Joom, Wish, Wishpay, Amazon, Amazon Pay, Ebay, Etsy, Paypal, and/or Taobao, and their related companies and affiliates (collectively, "Third Party Providers"), shall within five (5) business days after receipt of notice of this Order,

    a.    Restrain the transfer of all funds, including funds relating to ongoing account activity, held or received for Defendants' benefit or to be transferred into Defendants' respective financial accounts, restrain any other financial accounts tied thereto, and immediately divert those restrained funds to a holding account for the trust of the Court. Such restraining of the funds and the disclosure of the related financial institution account information (as provided below) shall be made without notice to the account owners or the financial institutions until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Third Party Provider for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

    b.    Provide Plaintiff expedited discovery of the following: (i) the identity of all financial accounts and/or sub-accounts associated with the Internet based e-commerce stores operating under the Seller IDs identified on Schedule "A" to the Amended Complaint, ECF No. [7-1] at 31-39, as well as any other accounts of the same customer(s); (ii) the identity and location of Defendants identified in Schedule "A," including all known contact information including any and all known aliases and associated e-mail addresses; (iii) an accounting of the

total funds restrained and identities of the financial account(s) and sub-account(s) for which the restrained funds are related.

(5)     Any Defendant or Third Party Provider subject to this Order may petition the Court to modify the asset restraint set out in this Order.

(6)     In addition to other methods authorized by law, the Plaintiff may provide notice of these proceedings to third parties by delivery of this Order and other relevant documents to the following Online Marketplace platforms, Financial Institutions and/or Third-Party Service Providers at the following addresses:

    a.   Amazon at legal@amazon.com and registrar-abuse@amazon.com;

    b.   PayPal, attention EE Omaha Legal Specialist at EEOMALegalSpecialist@paypal.com;

    c.   Alipay, attention Mr. Di Zhang, Member of the Legal & Compliance Department – IP, at di.zd@alipay.com;

    d.   Alibaba, attention Ms. Rachel Wang, Legal Counsel, Alibaba Group at rachel.wy@alibaba-inc.com and Ms. Yujuan He, Paralegal, Alibaba Group at chloe.he@alibaba-inc.com;

    e.   DHgate (including DHPay.com) at Patrol@dhgate.com;

    f.   Wish, attention Mr. Dwight D. Lueck, Counsel for Wish.com, at dlueck@btlaw.com;

    g.   eBay, Inc., Ms. Kara Ricupero, Senior Director, Global Information Governance, at kricupero@ebay.com, copyright@ebay.com and/or tros@ebay.com;

    h.   Stripe, Attn. Legal, at notices@stripe.com;

    i.   Payoneer, VP of Operations at VPOperations@Payoneer.com and/or

  j. Melissa Godwin, Legal Counsel, at melissa.godwin@us.dlapiper.com;

  k. Walmart, legal@walmart.com;

  l. Joom, IPR Team, ipr@joom.com;

  m. PingPong Global Solutions Inc., Legal Department at legal@pingpongx.com.

(7) The Clerk of the Court is directed to issue a single original summons in the name of "Runko and all other Defendants identified in Schedule 'A' of the Amended Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

(8) This Order shall apply to the Seller IDs, associated ecommerce stores and websites, and any other seller identification names, e-commerce stores, domain names, websites, or financial accounts which are being used by Defendants for the purpose of infringing on Plaintiff's Patent and Plaintiff's Copyrights at issue in this action and/or unfairly competing with Plaintiff.

(9) This Order shall remain in effect from the date of entry of this Order to **January 9, 2023, at 11:59 p.m.**

(10) Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiff shall post a bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.

(11)   After Plaintiff's counsel has received confirmation from the financial institutions regarding the funds restrained as directed herein, Plaintiff shall serve copies of the Complaint, Application for Temporary Restraining Order, and this Order, on each Defendant by e-mail via their corresponding e-mail address and/or online contact form or other means of electronic contact provided on the Internet based e-commerce stores operating under the respective Seller IDs or by providing a copy of this Order by email to the marketplace platforms for each of the Seller IDs so that the registrar, or marketplace platform, in turn, notifies each of the Defendants of the Order, or by other means reasonably calculated to give notice which is permitted by the Court. In addition, Plaintiff shall post copies of the Complaint, Application for Temporary Restraining Order, and this Order, as well as all other documents filed in this action on the website located at https://drive.google.com/drive/folders/1TBv8UkrMx1iujObC21fIxd81-X7kNRZW   and shall provide the address to the website to the Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof. Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to the Defendants by regularly updating the website located at https://drive.google.com/drive/folders/1TBv8UkrMx1iujObC21fIxd81-X7kNRZW  or by other means reasonably calculated to give notice which is permitted by the Court.

**(12)**   A **hearing** is set before this Court via **Zoom teleconference** on **January 9, 2023, at 9:00 a.m.**, at which time Defendants and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on Plaintiff's requested preliminary injunction. **The Zoom hyperlink is: https://www.zoomgov.com/j/1606064087?pwd=N0RSWDhkQ0xYYmd1bHo3dFovc3FD QT09. Alternatively, the Zoom Meeting ID is: 160 606 4087; and the Passcode is: 178443.**

Case No. 22-cv-24022-BLOOM/Otazo-Reyes

(13)    Defendants are hereby on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to 15 U.S.C. § 1116(d); Fed. R. Civ. P. 65, the All Writs Act, 28 U.S.C. § 1651(a); and this Court's inherent authority.

    a.    Any response or opposition to Plaintiff's Motion for TRO must be filed and served on Plaintiff's counsel forty-eight (48) hours prior to the hearing scheduled for **January 9, 2023, at 9:00 a.m.**, and filed with the Court along with Proof of Service.

    b.    Plaintiff shall file any Reply Memorandum twenty-four (24) hours prior to the hearing set for **January 9, 2023, at 9:00 a.m**.

(14)    The Clerk shall file this Order under seal until further order of the Court.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 27, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record