**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 22-cv-24022-BLOOM/Otazo-Reyes**

XYZ CORPORATION,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

    Defendants.
_____/

**SEALED ORDER GRANTING PRELIMINARY INJUNCTION**

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Entry of a Preliminary Injunction ("Motion"), ECF No. [10]. Plaintiff Dongguan Tesmai Electronic Technology Co. moves for the entry of a preliminary injunction against the remaining Defendants, Individuals, Partnerships, and Unincorporated Associations Identified on Schedule "A" to the Complaint (collectively "Defendants"), pursuant to 17 U.S.C. § 501(a) and Federal Rule of Civil Procedure 65.

A hearing was held on January 23, 2023, at which counsel for Plaintiff was present and the only Defendant present and accompanied by counsel was Defendant No. 49 (MilesRetail). The Court has reviewed the Motion, the record, the relevant law, and is otherwise fully advised. For the reasons set forth below the motion is granted and a preliminary injunction is in effect against the Defendants listed in the attached Schedule "A".

**I.     BACKGROUND**

On December 12, 2022, Plaintiff filed the present action for patent and copyright

infringement alleging that Defendants, through e-commerce stores, are advertising, promoting, marketing, offering for sale, displaying, and soliciting for sale, using Plaintiff's federally registered patent and copyrights or a substantially similar reflection thereof, in violation of federal patent and copyright laws. ECF Nos. [1], [7].

Plaintiff owns one (1) United States Design Patent, No. US D891,522S, for an ornamental design of a toy aircraft ("Plaintiff's Patent"). Plaintiff's Patent has been registered with the United States Patent and Trademark Office ("USPTO") and is protected from infringement under federal patent law. Plaintiff owns five (5) copyright registrations for 2-D visual art images ("Plaintiff's Copyrights"). Each of these images is individually registered with the United States Copyright Office and protected from infringement under federal copyright law *See* ECF Nos. [7-1], [7-2]. Plaintiff demonstrated he is the owner of Plaintiff's Patent by submitting copies of the U.S. Design Patent: 1) No. US D891,522S, Date: July 28, 2020, and by submitting copies of the U.S. copyright registrations: 1) Registration Number VA 2-313-250, Effective Date: July 14, 2022; 2) Registration Number VA 2-313-352, Effective Date: July 14, 2022; 3) Registration Number VA 2-313-597, Effective Date: July 14, 2022; 4) Registration Number VA 2-313-835, Effective Date: July 14, 2022; 5)Registration Number VA 2-313-837, Effective Date: July 14, 2022. *See* ECF Nos. [7-1], [7-2]; *see also* ECF No. [8-1] at ¶¶ 6, 7.

Plaintiff is the owner of all rights, title and interest to the Plaintiff's Patent and Plaintiff's Copyrights (collectively "Plaintiff's IP Rights"), which have been used in connection with the manufacturing, advertising, offer for sale and/or sale of Plaintiff's toy aircraft. ECF No. [8-1] at ¶ 8. Plaintiff advertises, offers for sale, and sells the toy aircraft depicted in Plaintiff's Patent and Plaintiff's Copyrights in authorized e-commerce stores such as Amazon, among others. *Id*. Plaintiff has expended time, money and other resources developing, advertising and otherwise

promoting the Plaintiff's IP Rights. *Id*. at ¶ 10. Plaintiff suffers irreparable injury any time unauthorized sellers, such as Defendants, sell or offer to sell goods using identical or substantially similar copies or derivatives of Plaintiff's IP Rights. *Id*. at ¶ 11.

Without Plaintiff's permission or license, Defendants are manufacturing, promoting, selling, reproducing, offering for sale, and/or distributing goods using Plaintiff's IP Rights within this District through various Internet based e-commerce stores and fully interactive commercial Internet websites operating under their seller identification names ("Seller IDs"), as set forth in Schedule A of the Amended Complaint. *See* ECF No. [7-3]; *see also* ECF No. [8-1] at ¶¶ 13, 14.

A simple comparison of Defendants' infringing goods, *see* ECF Nos. [9-1]-[9-14] with Plaintiff's IP Rights, ECF Nos. [7-1], [7-2], and a layman can observe Defendants' blatant infringement of Plaintiff's IP Rights which are exclusive as the images that depict the design are virtually exact duplicates or substantially similar images to Plaintiff's Patent and Plaintiff's Copyrights.

**1. Legal Standard**

The Supreme Court held that in intellectual property disputes, "the decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and that such discretion must be exercised consistent with traditional principles of equity" *ebay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 394 (2006). Furthermore, the Patent Act, provides that courts may grant injunctive relief on such terms as it may deem reasonable to prevent or restrain infringement. *Id.* at 392 (quoting 35 U.S.C. § 283). The Patent Act also states that "patents shall have the attributes of personal property," including "the right to exclude others from making, using, offering for sale, or selling the invention" *Id.* (quoting 35 U.S.C. § 261).

Case No. 22-cv-24022-BLOOM/Otazo-Reyes

In both a patent and a copyright cases, in order to obtain a preliminary injunction, a party must prove "each of the following four elements: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction were not granted, (3) that the threatened injury to the plaintiff outweighs the harm an injunction may cause the defendant, and (4) that granting the injunction would not disserve the public interest." *Suntrust Bank v. Houghton Mifflin Company*, 268 F.3d 1257, 1265 (11th Cir. 2001) (internal quotation marks omitted); *Pass & Seymour, Inc. v. Hubbell, Inc.*, 532 F. Supp. 2d 418, 427 (N.D.N.Y. 2007); see also *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F. 3d 982, 985 (11th Cir. 1995) (affirming entry of preliminary injunction and freezing of assets relying on affidavits and hearsay materials).

Plaintiff is entitled to a preliminary injunction based on its patent and copyright infringement claims because it can show all four factors. See *Tinnus Enters., LLC v. Telebrands Corp.*, 846 F. 3d 1190, 1202 (Fed. Cir. 2017).

**2. Analysis**

The declarations Plaintiff submits in support of its Motion for Preliminary Injunction support the following conclusions of law:

A.      Plaintiff has a strong probability of proving at trial that the products Defendants are selling and promoting for sale contain unauthorized reproductions and derivatives of Plaintiff's IP Rights.

B.      Because of the infringement of Plaintiff's IP Rights, Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction order is not granted. The following specific facts, as set forth in the Complaint, Motion, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff before Defendants can be heard in opposition unless Plaintiff's request is granted:

        1.        The Defendants own or control Internet based e-commerce stores and websites which advertise, promote, offer for sale, and sell products bearing infringing images in violation of the Plaintiff's rights;

        2.        There is good cause to believe that more infringing products bearing reproductions and derivatives of the Plaintiff's IP Rights will appear in the marketplace, and that consumers are likely to be misled, confused, and disappointed by the quality of these products; and

        C.        The balance of potential harm to the Defendants in restraining their trade in infringing goods if a temporary restraining order is issued is far outweighed by the potential harm to the Plaintiff, and its reputation as the owner of Plaintiff's IP Rights.

        D.        The public interest favors issuance of the preliminary injunction to protect the Plaintiff's IP Rights, to encourage respect for the law, and to protect the public from being defrauded by the illegal sale of infringing goods.

        E.        Plaintiff may be entitled to recover damages as provided by 35 U.S.C. § 289, 35 U.S.C § 284, 17 U.S.C. § 504(c) and 17 U.S.C. § 505.

        F.        Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (citing *Federal Trade Commission v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

        G.        In light of the inherently deceptive nature of the infringing business, and the likelihood that Defendants have violated federal patent and copyright laws, Plaintiff has good reason to believe the Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

Accordingly, it is **ORDERED and ADJUDGED** that the Motion, **ECF No. [10]**, is **GRANTED** as follows:

(1)     Each of the Defendants, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order are temporarily enjoined and restrained as follows:

a.     From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing reproductions or derivatives of the Plaintiff's IP Rights; and

b.     From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by the Plaintiff, bearing reproductions or derivatives of the Plaintiff's IP Rights; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing reproductions or derivatives of the Plaintiff's IP Rights; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any of the Defendants, including, but not limited to, any assets held by or on behalf of any of the Defendants.

(2)     Each of the Defendants, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order shall immediately discontinue the use of any unauthorized copies of the Plaintiff's IP Rights on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs.

(3) Each of the Defendants shall not transfer ownership of the Seller IDs during the pendency of this action, or until further Order of the Court.

(4) Upon receipt of notice of this Order, Defendants and any third party financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms who is providing services for any of the Defendants, including but not limited to, AliExpress, Alipay, Dhgate, Dhpay, Joom, Wish, Wishpay, Amazon, Amazon Pay, Ebay, Etsy, Paypal, and/or Taobao, and their related companies and affiliates (collectively, the "Third Party Providers"), shall after receipt of notice of this Order, retrain the transfer of all funds, including funds relating to ongoing account activity, held or received for the Defendants' benefit or to be transferred into the Defendants' respective financial accounts, restrain any other financial accounts tied thereto, and immediately divert those restrained funds to a holding account for the trust of the Court. Such restraining of the funds and the disclosure of the related financial institution account information (as provided below) shall be made without notice to the account owners or the financial institutions until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Third Party Provider for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

(5) Defendants and Third Party Providers shall continue to provide the Plaintiff information regarding the (i) the identity of all financial accounts and/or sub-accounts associated with the Internet based e-commerce stores operating under the Seller IDs identified on Schedule "A" hereto, as well as any other accounts of the same customer(s); (ii) an accounting of the total funds restrained and identities of the financial account(s) and sub-account(s) for which the restrained funds are related.

Case No. 22-cv-24022-BLOOM/Otazo-Reyes

(6) Any Defendant or Third Party Provider subject to this Order may petition the Court to modify the asset restraint set out in this Order.

(7) This Order shall apply to the Seller IDs, associated ecommerce stores and websites, and any other seller identification names, e-commerce stores, domain names, websites, or financial accounts which are being used by Defendants for the purpose of infringing the Plaintiff's IP Rights at issue in this action and/or unfairly competing with Plaintiff.

(8) This Order shall remain in effect during the pendency of this action, or until such further dates as set by the Court or stipulated to by the parties.

(9) Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiffs shall maintain their previously posted bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 23, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record