UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-24022-BLOOM/Otazo-Reyes

XYZ CORPORATION,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

    Defendants.
_____/

**ORDER ON MOTION FOR DEFAULT FINAL JUDGMENT**

**THIS CAUSE** is before the Court upon Plaintiff Dongguan Tesmai Electronic Technology Co., Ltd's Motion for Default Final Judgment against Certain Defendants, ECF No. [69] ("Motion"), filed on March 14, 2023. A Clerk's Default was entered against Defendants (ECF No. 56) listed in the attached Schedule "A" ("Defendants").[1] Defendants failed to appear, answer, or otherwise respond to the Amended Complaint, ECF No. [7], despite having been served. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the following reasons, Plaintiff's Motion is granted.

**I. Background**

Plaintiff owns one (1) United States Design Patent, No. US D891,522S, for an ornamental design of a toy aircraft ("Plaintiff's Patent"). Plaintiff's Patent has been registered with the United States Patent and Trademark Office ("USPTO") and is protected from infringement under federal patent law. Plaintiff owns five (5) copyright registrations for 2-D visual art images ("Plaintiff's

---

[1] Since the entering of the Clerk Default, certain Defendants have been dismissed.

Copyrights"). Each of these images is individually registered with the United States Copyright Office and protected from infringement under federal copyright law *See* ECF Nos. [7-1], [7-2]. Plaintiff demonstrated it is the owner of Plaintiff's Patent by submitting copies of the U.S. Design Patent: 1) No. US D891,522S, Date: July 28, 2020, and by submitting copies of the U.S. Copyright Registrations: 1) Registration Number VA 2-313-250, Effective Date: July 14, 2022; 2) Registration Number VA 2-313-352, Effective Date: July 14, 2022; 3) Registration Number VA 2-313-597, Effective Date: July 14, 2022; 4) Registration Number VA 2-313-835, Effective Date: July 14, 2022; 5) Registration Number VA 2-313-837, Effective Date: July 14, 2022. *See* ECF Nos. [7-1], [7-2]; *see also* ECF No. [8-1] at ¶¶ 6, 7. Plaintiff is the owner of all rights, title and interest to the Plaintiff's Patent and Plaintiff's Copyrights (collectively "Plaintiff's IP Rights"), which have been used in connection with the manufacturing, advertising, offer for sale and/or sale of Plaintiff's toy aircraft. ECF No. [8-1] at ¶ 8.

Plaintiff filed the present action for patent and copyright infringement alleging that "[w]ithout Plaintiff's authorization or license, Defendants are manufacturing, importing, promoting, reproducing, offering for sale, selling, and/or distributing goods that incorporate and infringe Plaintiff's IP Rights within this District through various Internet based e-commerce stores and fully interactive commercial Internet websites[.]" ECF No. [7] ¶ 3. Defendants were served with the summons, Amended Complaint, Temporary Restraining Order, and notice of hearing filed in this case in a manner consistent with the Court's Order Authorizing Alternate Service of Process, ECF No. [14]. *See* ECF No. [30]. Defendants have not answered or otherwise responded to the Amended Complaint or moved for additional time in which to do so. On February 27, 2023, the Clerk entered default against Defendants. *See* ECF No. [56].

On March 14, 2023, Plaintiff filed the instant Motion for Default Judgment, in which it

requests that the Court (1) grant Default Final Judgment, (2) enjoin Defendants' unlawful use of Plaintiff's IP Rights, and (3) award Plaintiff damages.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a defendant who fails to plead or otherwise defend. Fed. R. Civ. P. 55(b)(2). "[B]efore entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, *actually state a substantive cause of action* and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (emphasis in original). "[A] default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) (citations omitted).

If the complaint states a claim, the Court must then determine the amount of damages and, if necessary, "may conduct hearings . . . [to] determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B). However, where all the essential evidence to determine damages is on the paper record, an evidentiary hearing on damages is not required. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . no such hearing is required where all essential evidence is already of record.") (citations omitted); *see also Evans v. Com. Recovery Sys., Inc.*, No. 13-61031-CIV, 2013 WL 12138555, at *1 (S.D. Fla. Aug. 26, 2013) (following the entry of a default judgment, damages may be awarded 'without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation,' so long as all essential evidence is a matter of record." (citation omitted)).

## III. DISCUSSION

### A. Patent Infringement

A design patent is infringed when, "during the term of a patent for a design, without license of the owner" a defendant "(1) applies the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which such design or colorable imitation has been applied." 35 U.S.C. § 289. "Determining whether a design patent is infringed is a two-step process. First, when appropriate, the design patent's claims are construed. Second, the patented design is compared to the accused device." *Pride Family Brands, Inc. v. Carl's Patio, Inc.*, 992 F. Supp. 2d 1214, 1223-24 (S.D. Fla. 2014) "The 'ordinary observer' test is the sole test for determining whether a design patent has been infringed." *Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, 942 F.3d 1119, 1129 (Fed. Cir. 2019) (citing *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F. 3d 665, 678 (Fed. Cir. 2008)). Under this test, "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." *Gorham Mfg. Co. v. White*, 81 U.S. 511, 528 (1871). "Minor differences between a patented design and an accused article's design cannot, and shall not, prevent a finding of infringement." *Crocs, Inc. v. Int'l Trade Com'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010) (quoting *Payless Shoesource, Inc. v. Reebok Intern. Ltd.*, 998 F.2d 985, 991 (Fed. Cir. 1993)) (cleaned up).

Plaintiff's Amended Complaint alleges that it owns one (1) United States Design Patent, No. US D891,522S, for an ornamental design of a toy aircraft. ECF No. [7] ¶ 2; *see also* ECF No. [7-1]. Plaintiff's Patent has been registered with the United States Patent and Trademark Office

("USPTO") and is protected from infringement under federal patent law. ECF No. [7] ¶ 2. The Patent is valid, in full force and effect, unrevoked and uncanceled. *Id*. ¶ 20. Plaintiff alleges that Defendants offer to sell exact copies and/or confusing similar copies to the claimed designs in Plaintiff's IP Rights and that Defendants' designs "are so similar to Plaintiff's as to be nearly identical such that an ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the designs so as to be induced to purchase Defendants' product believing them to be the same design as the one protected by Plaintiff's IP Rights." *Id*. ¶¶ 24-25.

The Court therefore finds that Plaintiff has pleaded all the allegations necessary to state a claim for design patent infringement and Plaintiff is entitled to entry of final default judgment as to Count I of the Complaint.

### B. Copyright Infringement

The Copyright Act provides in relevant part that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 [17 U.S.C. §§ 106-122] or of the author as provided in section 106A(a) [17 U.S.C. § 106A(a)] . . . is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a). Liability for copyright infringement arises when a plaintiff can prove (1) ownership of a copyright, and (2) a defendant's copying of the copyrighted work. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

Plaintiff may satisfy the first prong by producing the certificates of registration, and once produced, the burden shifts to Defendant to demonstrate why the claim of copyright is invalid. *See id.*; 17 U.S.C. § 410(c) (noting that a "certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of

5

the copyright and the facts stated in the certificate"). The second prong, the copying element of an infringement claim, has two components: (1) Plaintiff must demonstrate that Defendants copied Plaintiff's work as a factual matter; and (2) Plaintiff must establish "substantial similarity" between the allegedly infringing work and the elements of the copyrighted work that are legally protected. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1232-33 (11th Cir. 2010).

In the Amended Complaint, Plaintiff alleges that it has five (5) copyright registrations for 2-D visual art images. Each of these images is individually registered with the United States Copyright Office and protected from infringement under federal copyright law. ECF No. [7] ¶ 2; *see also* ECF No. [7-2]. Those five registrations are: 1) Registration Number VA 2-313-250, Effective Date: July 14, 2022; 2) Registration Number VA 2-313-352, Effective Date: July 14, 2022; 3) Registration Number VA 2-313-597, Effective Date: July 14, 2022; 4) Registration Number VA 2-313-835, Effective Date: July 14, 2022; 5) Registration Number VA 2-313-837, Effective Date: July 14, 2022. *See* ECF No. [7-2]. As such, the Court finds that Plaintiff was the owner of a valid copyright for the Work. In addition, Plaintiff alleges that Defendants copied, displayed, and/or prepared derivative works of Plaintiff's Copyrighted Art through their advertising, distributing, offering for sale, and selling of Defendants' counterfeit copies and has produced documents showing such copying. ECF No. [7] ¶ 55; ECF Nos. [9-1]-[9-14]. The Court has viewed the 2-D visual art images copyrighted and the images published by Defendants and finds them to be substantially similar.

Accordingly, Plaintiff has pleaded all the required elements to state a claim for copyright infringement. Therefore, Plaintiff is entitled to entry of final default judgment against Defendants as to Count II of the Complaint.

### C. Injunctive Relief

The Patent and Copyright Acts provide that courts "may" grant injunctive relief "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U. S. C. § 502(a) and 35 U.S.C. § 283. Injunctive relief is available in a default judgment setting. *See e.g.*, *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1223 (S.D. Fla. 2004). Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiff to prevent further infringement absent an injunction. *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief.").

A plaintiff seeking a permanent injunction "must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

With regard to the first factor, "[i]n copyright cases, irreparable harm is presumed on a showing of a reasonable likelihood of success on the merits." *Arista Records, Inc. v. Beker Enterprises, Inc.*, 298 F.Supp.2d 1310, 1314 (S.D. Fla. 2003) (citing *Micro Star v. Formgen, Inc.*, 154 F.3d 1107, 1109 (9th Cir. 1998)). "And so, on a default judgment, a plaintiff' need not show irreparable harm, as the default against the defendants satisfies the element of success on the merits." *Affordable Aerial Photography, Inc. v. Palm Beach Real Estate, Inc.*, 20-81307-CIV, 2021 WL 2823270, at *6 (S.D. Fla. July 7, 2021) (quoting *Arista Records*, at 1314) (cleaned up).

The Court has already determined that the well pled allegations, accepted as true due to Defendants' default, are sufficient to find liability for patent infringement.

Remedies available at law are inadequate to compensate Plaintiff. "It is well-settled that, because the principal value of a patent is its statutory right to exclude, the nature of the patent grant weighs against holding that monetary damages will always suffice to make the patentee whole." *Hybritech Inc. v. Abbott Laboratories*, 849 F. 2d 1446, 1456-57 (Fed. Cir. 1988). A patent and a copyright holder possess "the right to exclude others from using his property." *eBay Inc.*, 547 U.S. at 392. (citing *Fox Film Corp. v. Doyal*, 286 U.S. 123, 127 (1932)). "Not surprisingly, given the difficulty of protecting a right to *exclude* through monetary remedies that allow an infringer to *use* an invention against the patentee's wishes, historically courts have granted injunctive relief upon a finding of infringement in the vast majority of patent cases." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 809 F.3d 633, 638-39 (Fed. Cir. 2015) (quoting *eBay Inc.*, at 395) (internal quotation marks omitted) (emphasis in original). Plaintiff has no adequate remedy at law so long as Defendants continue to operate the Seller IDs because Plaintiff cannot control the quality of products sold utilizing the Plaintiff's patent and copyrights or the manner in which Plaintiff's IP Rights are displayed. An award of monetary damages alone will not cure the injury to Plaintiff's reputation and goodwill that will result if Defendants' infringing actions are allowed to continue.

Moreover, the balance of hardships weighs in favor of granting permanent injunctive relief. Plaintiff faces hardship from loss of sales and his inability to control his reputation in the marketplace. By contrast, Defendants face no hardship if they are prohibited from the infringement of Plaintiff's copyrights and patents which are illegal acts.

Finally, the public interest supports the issuance of a permanent injunction against Defendants to prevent consumers from being misled by Defendants' unauthorized sale of products

utilizing Plaintiff's IP Rights. *See Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1291 (S.D. Fla. 2016) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior."). Defendants have created an Internet-based infringement scheme in which they are profiting from their deliberate misappropriation of Plaintiff's rights. Unless the listings and images are permanently removed, Defendants will be free to continue infringing Plaintiff's intellectual property with impunity and will continue to defraud the public with their illegal activities. Therefore, the Court will enter a permanent injunction ordering all product listings and images displaying Plaintiff's IP Rights to be permanently removed from Defendants' internet stores by the applicable internet marketplace platforms.

### D. Statutory Damages

Pursuant to 17 U.S.C. § 504(b), a plaintiff is entitled "to recover the actual damages suffered by him or her as a result of the infringement[.]" Pursuant to 17 U.S.C. § 504(c), Plaintiff may elect to recover statutory damages for Defendants' infringement. In addition, pursuant to 17 U.S.C. § 504(c)(2), the Court in its discretion may increase an award of statutory damages up to $150,000.00 when infringement was committed willfully. In awarding enhanced damages in the context of section 504(c)(2), "deterrence of future violations is a legitimate consideration" because "defendants must not be able to sneer in the face of copyright owners and copyright laws." *Cable/Home Commc'n Corp. v. Network Prods.*, 902 F.2d 829, 851 (11th Cir. 1990) (internal quotation omitted). "In interpreting section 504(c), courts have held that the statute vests the trial court with wide discretion to set damages within the statutory limits." *Major Bob Music v. Stubbs*, 851 F. Supp. 475, 481 (S.D. Ga. 1994).

Defendants, who have not appeared, control all the necessary information for a calculation of relief under § 504(b). As a result, Plaintiff cannot calculate an amount recoverable

9

pursuant to 17 U.S.C. § 504(b). Instead, Plaintiff seeks an award of statutory damages for Defendants' willful infringement of plaintiff's copyrighted works under 17 U.S.C. § 504(c)(2).

To determine whether Plaintiff is entitled to statutory damages for Defendants' willful infringement, the Court must first determine if the copyright infringement was willful. Willful infringement occurs "when the infringer acted with 'actual knowledge or reckless disregard for whether its conduct infringed upon the plaintiff's copyright.'" *Arista Records*, 298 F. Supp. 2d at 1312. "[W]illful copyright infringement under § 504(c)(2) encompasses reckless disregard of the possibility that one's actions are infringing a copyright." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1272 (11th Cir. 2015). Moreover, a court may infer that a defendant willfully infringed a plaintiff's copyright because of a defendant's default. *Arista Records*, at 1313 (citations omitted).

"Without Plaintiff's authorization or license, Defendants are manufacturing, importing, promoting, reproducing, offering for sale, selling, and/or distributing goods that incorporate and infringe Plaintiff's IP Rights within this District through various Internet based e-commerce stores and fully interactive commercial Internet websites[.]" ECF No. [7] ¶ 3. Those established facts demonstrate that Defendants acted with reckless disregard of the fact that its conduct infringed upon Plaintiff's exclusive copyright. Accordingly, Defendants' default and the well-pled facts of the Complaint, which are admitted by Defendants' default, establish that Defendants' infringement of Plaintiff's copyrights was willful and deliberate.

Plaintiff suggests the Court award the maximum permitted award of statutory damages of $150,000.00 per Defendant. This award is within the statutory range for a willful violation, and is sufficient to compensate Plaintiff, punish the Defendants, and deter the Defendants and others from continuing to infringe Plaintiff's Copyrights.

Case No. 22-cv-24022-BLOOM/Otazo-Reyes

## IV. CONCLUSION

For the reasons stated, the Court finds that Plaintiff is entitled to injunctive relief and statutory damages under 17 U.S.C. § 504. Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [69]**, is **GRANTED**. The Court will enter final judgment by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 4, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record